# Superior Court of the District of Columbia
## CIVIL DIVISION

**Check One:**

| ☒ **Civil Actions Branch**<br>500 Indiana Ave., N.W.<br>Room 5000<br>Washington, D.C. 20001<br>Telephone: (202) 879-1133 | ☐ **Landlord & Tenant Branch**<br>510 4th Street, N.W.<br>Room 110<br>Washington, D.C. 20001<br>Telephone: (202) 879-4879 | ☐ **Small Claims & Conciliation Branch**<br>510 4th Street, N.W.<br>Room 120<br>Washington, D.C. 20001<br>Telephone: (202) 879-1120 |
|---|---|---|

Imran Awan; Abid Awan; Jamal Awan; Tina Alvi; and Rao Abbas
_____
**Plaintiff**

v.

Salem Media Group, Inc.
_____
**Defendant**

**SUBPOENA FOR A CIVIL CASE**

**CASE NUMBER:** 2020 CA 000652 B

**To:** Federal Bureau of Investigation

☐ Check box if medical records are being requested

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM AND ADDRESS | DATE | TIME |
|---|---|---|
|  |  |  |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify. Super. Ct. Civ. R. 30(b)(6).

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS | | |
|---|---|---|
| See Schedule A | | |
| **PLACE OF PRODUCTION**<br>ROMER-FRIEDMAN LAW PLLC, 1629 K Street NW, Suite 300 Washington, DC 20006 | **DATE**<br>9/12/2024 | **TIME** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant)<br>/s/ Peter Romer-Friedman | DATE<br>8/13/2024 |
|---|---|
| **ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER**<br>Peter Romer-Friedman, 1629 K Street NW, Suite 300 Washington, DC 20006, (202) 355-6364 | |

**Authorization as required by D.C. Code §14-307 and <u>Brown v. U.S.</u>, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege related to such records.**

_____
JUDGE

(See Super. Ct. Civ. R. 45 (c) and (d) on the reverse side)
**WHITE - FOR RETURN OF SERVICE    YELLOW - FOR SERVICE**

CV-433A [Rev. June 2017]                                              Super. Ct. Civ. R. 45

Case Number:_____                    Court Date:_____

## PROOF OF SERVICE

| | Date | Time | Place |
|---|---|---|---|
| Served | | | |

| Served on (Print Name) | Title |
|---|---|
| | |

MANNER OF SERVICE (attach the return receipt if service was made by registered or certified mail) I served the subpoena by delivering a copy to the named person as follows:

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled case and that the foregoing information contained in the Proof of Service is true and correct.

Executed on   _____            _____
              Date                                 Signature of Server

                                                   _____
                                                   Address of Server

**Super. Ct. Civ. R. 45(c) and (d)**:
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT**.
(1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) *Command to Produce Materials or Permit Inspection*.
(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.
(B) *Objections*. A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) *Quashing or Modifying a Subpoena*.
(A) *When Required*. On timely motion, the court must quash or modify a subpoena that:
(i) fails to allow reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.
(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:
(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection*.
(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| IMRAN AWAN; ABID AWAN; JAMAL AWAN; TINA ALVI; and RAO ABBAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>SALEM MEDIA GROUP, INC., doing business as REGNERY PUBLISHING,<br><br>*Defendant*. | Case No. 2020 CA 000652 B |

## **SCHEDULE A**

## **DEFINITIONS**

For purposes of this subpoena, the following definitions apply in the absence of contrary indications in the text:

A. "Document" as used in these requests means all handwritten, typed, audio recorded, video recorded, or electronic representation of any kind, including legal instruments, agreements, letters, e-mails, text messages, instant messenger logs, notices, specifications, instructions, literature, books, magazines, newspapers, booklets, notes, notebooks, log books, diaries, memoranda, manuscripts, manifestos, data compilations, reports, studies, analyses, surveys, calculations, video files, sound files, photographs, image macros, memes, blog posts, podcasts, internet articles, social media posts, internet comments, screenshots, illustrations, diagrams, symbols, bulletins, circulars, telegrams, telexes, or any other reasonably similar representational thing, as well as any deleted copies of the aforesaid or drafts upon which have been placed any additional marks or notations.

B. "Communication" as used in these requests includes every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange, whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise.

1

## INSTRUCTIONS

1. Please produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request.

2. For any documents no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or why it cannot be located, and identify each person having knowledge concerning such disposition or loss.

3. As to each responsive document withheld from production on any grounds, state or describe the following: (a) the author of same; (b) the recipient; (c) the name of each person to whom a copy was sent; (d) the date of the document; (e) the substance of the document; and (f) the grounds on which the document is withheld.

## REQUESTED DOCUMENTS

1. Any documents that support or confirm the second paragraph of Section 8 of the plea agreement in *United States v. Awan*, No. 17-cr-161 (TSC), ECF No. 60, which states as follows:

> More specifically, the Government agrees that the public allegations that [Mr. Awan] stole U.S. House of Representatives ("House") equipment and engaged in unauthorized or illegal conduct involving House computer systems do not form the basis of any conduct relevant to the determination of the sentence in this case. The Government conducted a thorough investigation of those allegations, including interviewing approximately 40 witnesses; taking custody of the House Democratic Caucus server, along with other computers, hard drives, and electronic devices; examining those devices, including inspecting their physical condition and analyzing log-in and usage data; reviewing electronic communications between pertinent House employees; consulting with the House Office of General Counsel and House information technology personnel to access and/or collect evidence; and questioning [Mr. Awan] during numerous voluntary interviews. The Government has uncovered no evidence that [Mr. Awan] violated federal law with respect to the House computer systems. Particularly, the Government has found no evidence that [Mr. Awan] illegally removed House data from the House network or from House Members' offices, stole the House Democratic Caucus Server, stole or destroyed House information technology equipment, or improperly accessed or transferred government information, including classified or sensitive information.